FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

MAY 24 2010

Stephan Harris, Clerk
Casper

John H. Robinson
JAMIESON & ROBINSON, LLC
214 South Grant Street
Casper, WY 82601
307-235-3575
307-577-9435 FAX
robinsn@vcn.com

Frank R. Chapman
CHAPMAN VALDEZ
125 West Second Street
Casper, Wyoming 82602
(307) 237-1983
(307) 577-1871
frc@bslo.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| PAMELA ANN GRAY, as next friend of SG, a minor child, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO. 10 CV 099-D ) |
| NATRONA COUNTY SCHOOL DISTRICT NUMBER ONE; MARTY WOOD, in his Individual Capacity and as Safe Schools Director, NCSD #1 and RANDAL LARSON, in his Individual Capacity and as Principal of Fort Caspar Academy, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

COMPLAINT

Receipt # CGS 630
Summons: 3 issued
___ not issued

Plaintiff, through the undersigned counsel, and for her claims against defendants, states and alleges as follows.

## JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, seeking injunctive relief due to defendants' current and imminent violations of plaintiff's rights guaranteed under Title IX and the Fourteenth Amendment to the Constitution of the United States, and for compensatory and punitive relief as well.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this claim arises under the Constitution and laws of the United States. This Court is authorized to grant the declaratory relief requested herein pursuant to 29 U.S.C. § 2201(a).

3. Pursuant to 28 U.S.C. § 1391 (b)(2), proper venue for this case is the United States District Court for the District of Wyoming because the acts and omissions complained of herein occurred within the district of Wyoming.

## PARTIES

4. Plaintiff, Pamela Ann Gray, is a resident of Casper, Wyoming and the parent and next friend of her daughter, SG, a minor child, who is a student at Fort Caspar Academy, a public school within the purview of the defendant school district.

5. Defendant Natrona County School District Number One ("NCSD") is a local governmental corporation, formed pursuant to Wyoming Statutes §§ 21-3-101,

2

*et seq.* It is governed by its board of trustees pursuant to Wyoming Statute § 21-3-105.

6. Defendant Marty Wood ("Wood") was, at all pertinent times to the facts alleged herein, the Safe Schools Director for NCSD, and the official in charge of school safety in all NCSD public schools. Wood is sued in his official and individual capacities. At all times pertinent to the facts alleged herein, Wood acted in the course and scope of his employment with NCSD – and was thus, a state actor, for purposes of 42 U.S.C. § 1983.

7. Defendant Randall Larson ("Larson") was, at all pertinent times to the facts alleged herein, the Principal of Fort Caspar Academy, and the official in charge of school safety at that school. Larson is sued in his official and individual capacities. At all times pertinent to the facts alleged herein, Larson acted in the course and scope of his employment with NCSD – and was thus, a state actor, for purposes of 42 U.S.C. § 1983.

8. Any and all actions or inactions of these defendants in relation to the allegations contained herein were committed under color of state law, and constituted "state action."

## FACTS COMMON TO ALL CAUSES OF ACTION

9. By this reference, plaintiff incorporates each and every foregoing allegation and paragraph.

10. During the 2009-2010 academic school year, SG has been harassed, assaulted, and battered by the same male student from her home-room class, on multiple occasions spanning several months.

11. Every assault, battery and harassment occurred on the grounds of Fort Caspar Academy, where she is a student.

12. The assaults commenced in August of 2009, and occurred as recently as April 30, 2010.

13. The assaults, batteries and harassments of SG ranged from being forced to view the assailant's underpants, to being punched in the face, thrown from a tall rock, having her hands peeled from the monkey bars causing her to fall, and being repeatedly pushed to the ground causing her pants to tear and her knees to be bloody.

14. Larson has had notice of each assault, battery and harassment.

15. After most, if not each reprehensible act, Larson promised plaintiff to provide better protection to SG, including a promise that the assailant would not have access to SG on the grounds of Fort Caspar Academy, to either confront, speak to, or assault SG.

16. After several of the assaults, Larson promised that the assailant would be appropriately disciplined.

17. On Friday April 30, 2010, after Gray and her husband convinced SG to continue to attend school despite her fears, by promising SG that she would be safe

at school, where Mr. Larson and other staff would protect her from her assailant, SG was assaulted again.

18. This time, the assailant was not prevented from having contact with SG by Larson, nor any other staff of Fort Caspar Academy, and he sexually assaulted her.

19. After learning of the sexual assault, Gray was advised by Larson that the boy had been suspended, and that he would take care of the situation.

20. On Monday May 3, 2010, SG did not want to return to school again. Again relying upon the promise from Gray and SG's father that she would be protected, and that the boy had been suspended, she returned. When SG arrived at school, she discovered the assailant was still in her class and still had unrestricted access to her on the grounds of the school, where he confronted her.

21. When Gray and her husband confronted Larson about the assailant being on school grounds again, and having access to their daughter, Larson told Gray and her husband that the boy received a 45-minute suspension the previous Friday after the sexual assault had occurred.

22. On May 4, 2010, SG was confronted by the mother of the assailant at Fort Caspar Academy.

23. On May 5, 2010, Gray requested school records for her daughter to see if the assaults had been documented. During this meeting Larson told Gray to stop having contact with SG's teacher. Upon Gray's repeated requests for

documentation of the multiple assaults and harassment, Larson told Gray that she would be sorry for taking that route.

24. On May 7, 2010, Gray requested that NCSD and Larson provide her with written assurance that SG would be safe at Fort Caspar Academy, including a description of the steps defendants planned to take to ensure such safety.

25. To date, no written assurance of any kind, as requested in the previous paragraph, has been provided to Gray or SG.

26. On or about May 10, 2010, Gray learned from SG that the assailant had been removed from the school. SG told Gray that her teacher told her that the boy would not be returning to Fort Caspar Academy, and that the classmates could write to him if they wished.

27. No defendant contacted Gray nor SG's father to inform them of the steps that were being taken to protect SG.

28. On May 20, 2010, the boy was back at Fort Caspar Academy, as a student – and SG saw him and was terrified. SG was terrified to see his return.

29. On May 21, 2010, SG attended school with her parents for fear of being harassed, assaulted, battered, or sexually assaulted by the same boy defendants have permitted to repeatedly violate her during the past school year.

30. SG is punished by virtue of defendants' failure to assure that she receives adequate protection.

31. SG is an outstanding honor-student, who wishes to return to her school of choice, but who will be punished into confinement to avoid contact with the assailant, or constructively denied attendance at Fort Caspar Academy, all caused by the actions, and inactions of defendants who refuse to recognize her equal protection rights.

32. As a direct and proximate cause of defendants' reckless and deliberate indifference toward SG, and of their discriminatory actions, SG has suffered serious emotional and physical distress, and interference with her education. She has been deprived of the advantages, privileges and course of study of a public school education. On her behalf, Gray and her father have incurred, and will continue to incur, substantial legal and medical fees and costs. All damages continue to this date.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983 – FOR VIOLATION OF TITLE IX

33. By this reference, plaintiff incorporates each and every foregoing allegation and paragraph.

34. Defendant NCSD receives federal funds for its operation of public schools, including but not limited to the school which SG attends, and is subject to governmental regulation, including but not limited to Title IX of the Education Acts of 1972, as amended.

35. Title IX provides: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to

discrimination under any education program or activity receiving Federal financial assistance."

36. Title IX requires that all public schools, and all private schools receiving federal funds, have written policies prohibiting peer sexual harassment, and further, that all schools establish procedures which they then use to investigate and remedy complaints of sexual harassment. Title IX further requires public schools to respond immediately and effectively to student complaints of sexual harassment.

37. Defendant NCSD had actual knowledge of these requirements at all times pertinent hereto.

38. Defendant NCSD had no written sexual harassment policy or procedure during the 2009-10 academic year, and continues to lack a policy which conforms to the requisites of Title IX, or any procedure to investigate and resolve complaints of peer or student sexual harassment.

39. As stated herein, SG has been subjected to sexual harassment and assault, and all defendants have been made aware of her victimization by a boy at her school.

40. The sexual harassment and assault, to which SG has been subjected, has been severe and has occurred on multiple occasions between August of 2009 and April of 2010, sufficient to be pervasive and to create a hostile environment for SG.

41. Defendants have failed to take immediate, effective remedial steps, and instead acted with deliberate indifference towards SG. Defendants persist in its actions and inaction even after having actual knowledge of the harms suffered by SG.

42. Defendants' actions and inactions constituted deliberate indifference, violated 42 U.S.C. §1983 and proximately caused those damages alleged herein.

SECOND CAUSE OF ACTION – 42 U.S.C. § 1983 – EQUAL PROTECTION

43. By this reference, plaintiff incorporates each and every foregoing allegation and paragraph.

44. SG has a clearly established right under state and federal statutory and constitutional law to equal access to all benefits and privileges of a public education, and a right to be free of sexual harassment in school.

45. Defendants, acting under color of state law, and with knowledge of SG's established rights, violated her right to be free of sex discrimination and harassment.

46. Defendant NCSD did not have a written sexual harassment policy which applied to students during the 2009-2010 academic year, and continue to fail to comply with the requirements of Title IX to enact and publish sexual harassment policy and procedure.

47. SG's civil rights were violated with pressure, force and coercion in the repeated, severe assaults, sexual harassments, sexual assaults and batteries

perpetrated against her by a male student and condoned by defendants, who responded with deliberate indifference toward SG.

48.　Defendants' actions and inactions violated 42 U.S.C. § 1983, and were the proximate cause of the damages alleged herein.

WHEREFORE, plaintiff respectfully prays that this Court:

1.　Declare that defendants have violated Title IX, as well as 42 U.S.C. § 1983, in their deliberately indifferent and discriminatory treatment of SG.

2.　Issue a mandatory injunction compelling defendants to conform to the policy requirements of Title IX, including but not limited to developing a written sexual harassment policy for students, and a procedure to investigate and resolve complaints of sexual harassment of students.

3.　Issue an injunction compelling defendants to cease and desist discriminating against the minor female, SG, in this matter, and other female students, and to assure that the offending boy is not in the presence of SG at any place on school grounds.

4.　Award plaintiff compensatory damages in an amount to be determined at trial.

5.　Award plaintiff exemplary or punitive damages in an amount to be determined at trial.

6. Award plaintiff her statutory interest, costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

7. Issue such other relief as this Court deems just and proper.

DATED THIS 29th day of May, 2010.

_____
Frank R. Chapman
CHAPMAN VALDEZ
125 West Second Street
Casper, Wyoming 82602
(307) 237-1983
(307) 577-1871
frc@bslo.com

John H. Robinson
JAMIESON & ROBINSON, LLC
214 South Grant Street
Casper, Wyoming 82601
(307) 235-3575
(307) 577-9435 – FAX
robinsn@vcn.com

ATTORNEYS FOR PLAINTIFF